Dear Representative Sharpe:
This opinion is written in response to your request in which you ask the following questions:
 Under current state law, can police release the names of juveniles of any age involved in an accident, either as a driver, passenger, or pedestrian (a) when a crime has been committed or (b) when a crime has not been committed?
 If not, can they release other information concerning the accident and withhold the names?
A closed record is defined in Section 610.010(1), RSMo 1978, as "any . . . record . . . closed to the public." A public record is defined in the same section as "any record retained by or of any public governmental body . . ." Section 610.010(4), RSMo 1978. Section610.025, RSMo 1978, provides that records of juvenile court proceedings, as well as other records as otherwise provided by law, may be closed records.
The proceedings of the juvenile court as well as all information and social records prepared in the discharge of official duty for the court are open to inspection only by an order of the court. Section211.321.1, RSMo Supp. 1981. Additionally, Section 211.321.2 provides:
 2. Peace officers' records, if any are kept, of children shall be kept separate from the records of persons seventeen years of age or over and shall not be open to inspection or their contents disclosed, except by order of the court. This subsection does not apply to children who are transferred to courts of general jurisdiction as provided by section 211.071. (Emphasis added.)
In our Opinion No. 181, Limbaugh, October 27, 1980, we recognized that the intent of the legislature in enacting Chapter 211 was to protect only those children who come within the juvenile court's jurisdiction. In reaching that conclusion, we noted that Section 211.011, RSMo 1978, describes the purpose of the Juvenile Code as follows:
 [T]o facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court. This chapter shall be liberally construed, therefore, to the end that each child coming within the jurisdiction of the juvenile court shall receive such care, guidance and control, preferably in his own home, as will conduce to the child's welfare and the best interests of the state . . .
When read in light of the purpose of Chapter 211, we believe that Section211.321.2 affects only those records of children who come within the jurisdiction of the juvenile court. The records to which Section211.321.2 applies are "records . . . of children." Only records pertaining to a specific child are protected by the statute. Records which incidentally mention a child's name do not fall within the purview of Section 211.321.2.
In your request, you express concern over the availability of traffic accident reports. We believe that traffic accident reports are reports of incidents, not records of children. Accordingly, it is our opinion that traffic accident reports are not protected by Section 211.321.2.
Such a conclusion is mandated by the legislature's treatment of accident reports. Section 303.040, RSMo Supp. 1981, requires that an accident report be made to the director of revenue under certain circumstances. All written accident reports must be forwarded to the superintendent of the Missouri Highway Patrol under Section 483.250, RSMo Supp. 1981, without mention of any requirement of a court order or any exception being provided if an individual involved in an accident happens to be a child within the meaning of Section 211.021(2), RSMo Supp. 1981.
Senate Bill No. 512, 80th General Assembly (Section 211.031, RSMo Supp. 1981), amended the Juvenile Code by, inter alia, removing from the juvenile court's jurisdiction children sixteen years of age who are alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony. In interpreting the amended Section 211.031, our Opinion No. 181 (1980) concluded that, in light of this express limitation of the juvenile court's jurisdiction, the procedural protection accorded juveniles under the Juvenile Code does not apply to sixteen-year-old juveniles alleged to have committed non-felony traffic violations.
In view of this clear expression of legislative intent, we believe that traffic accident reports describing traffic accidents involving children do not acquire the protection provided juvenile records by Chapter 211. Instead, it is our opinion that traffic accident reports are public records within the meaning of Chapter 610. They are records not of children, but of traffic accidents. Thus, if a non-felony traffic offense has been committed, and the alleged perpetrator is a child sixteen years of age, he or she is not entitled to the protection of Chapter 211, and his or her name should be released. If the alleged perpetrator of the offense is a child under the age of sixteen years, we believe that his or her name may not be released. However, other information concerning the accident may be made available to inquiring parties.
CONCLUSION
It is the opinion of this office that peace officers, upon request: (1) must release the names of juveniles involved in traffic accidents when such juveniles are not alleged to have violated any state or municipal traffic ordinances or regulations in connection with such accidents; (2) must release the names of sixteen-year-old juveniles who are alleged to have violated non-felony state or municipal traffic ordinances or regulations in connection with a traffic accident; (3) may not release the names of juveniles who are alleged to have violated state or municipal traffic ordinances or regulations the violations of which are felonies; (4) may not release the names of juveniles under the age of sixteen who are alleged to have violated state or municipal traffic ordinances or regulations; and (5) consistent with this opinion's holding on the release of names, must release other pertinent information concerning a traffic accident to inquiring parties.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Nancy Kelley Baker.
Very truly yours,
 JOHN ASHCROFT Attorney General